UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **JONATHON BONFIGLIO,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | No. 3:05cv0782 AS |
| | ) | |
| **CITY OF NAPPANEE,** | ) | |
| | ) | |
| **Defendants** | ) | |

*MEMORANDUM OPINION AND ORDER*

This case has been on file since December 14, 2005, when a complaint was filed purportedly invoking this court's federal question jurisdiction under 42 U.S.C. § 1983.  The defendants have filed proceedings in which they request this court to abstain in this case based on a parallel proceeding in the St. Joseph Circuit Court in South Bend, Indiana.  This court heard oral argument on these issues on June 22, 2006, and now takes up the issue of abstention.  The defendants argue for abstention under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

It is asserted that there is a state court proceeding involving the same incidents pending in the St. Joseph Circuit Court in South Bend, Indiana.  The case number of the same is provided and this court presumes it is accurate.  This court is aware of the two-part analysis required under *Clark v. Lacy*, 376 F.3d 682 (7th Cir. 2004).  The first consideration is to determine whether the actions are actually parallel, and they appear to be such.  Also look at a fairly long list of "exceptional circumstances."  *See LaDuke v. Burlington Northern*

*Railroad Company*, 879 F.2d 1556 (7th Cir. 1989).  It is understood that the two cases, one in the federal court and one in the St. Joseph Circuit Court, are not required to be identical under *Interstate Material Court v. City of Chicago*, 847 F.2d 1285 (7th Cir. 1988).  They need to be substantially the same parties who are contemporaneously litigating substantially the same issues.  So-called formal symmetry is not required.  *See Lumen Construction Inc. v. Brandt Construction Co.*, 780 F.2d 691 (7th Cir. 1985).  It is argued that there is a substantial likelihood that the action in the St. Joseph Circuit Court will dispose of the claims presented in this case under doctrines of res judicata and claim preclusion.  *See Lee v. City of Peoria*, 685 F.2d 196 (7th Cir. 1992).

Early in an earlier judicial incarnation, the undersigned dealt with similar issues of res judicata and issue preclusion in *Mayhew v. Deister*, 144 Ind. App. 111, 244 N.E. 2d 448 (1969).  More recently, *see Indiana Downs, LLC v. Herr,* 834 N.E. 2d 699 (Ind. App. 2005).  It is also true that claims under 42 U.S.C. §1983 can be brought in a state court.  *See Donnelly v. Yellow Freight Systems Inc.*, 874 F.2d 402 (7th Cir. 1989).  The United States District Court for the Eastern District of Illinois in Chicago wrestled with this problem in a similar factual setting.  *See Erickson v. Village of Willow Springs*, 876 F.Supp. 951 (N.D. Ill. 1995).

This court is also well familiar with the standards for summary judgment under the procedural law of Indiana and was indeed present at the creation of much of that law.  *See*, *for example*, *Newcomb v. Cassidy*, 144 Ind. App. 315, 245 N.E. 2d 846 (1969).  Although

the standards that have evolved since 1969 under the law of Indiana are subject to the rhetoric of different judges of the highest courts in Indiana in different cases, the evolution is substantially along the same lines as in federal court under Rule 56 of the Federal Rules of Civil Procedure.

To be utterly candid, the description of claims described by plaintiff's counsel smack very much of state law claims which can be decided under state law. When it is all said and done, understanding the modicum of discretion that inheres in *Colorado River*, this court will now abstain, at least for the time being, and let this litigation go forward across the street in the St. Joseph Circuit Court. The proceeding in this case is **STAYED** to avoid what is an obvious duplication of effort and issues. Such stay and abstention is now **ORDERED.**

**DATED:** August 16, 2006

           **S/ ALLEN SHARP**
           **ALLEN SHARP, JUDGE**
           **UNITED STATES DISTRICT COURT**